IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANGELO CLAY,

    Plaintiff,                             No. CIV S-09-2899 CKD P

    vs.

J. WALKER, et al.,                        ORDER AND

    Defendants.                    FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983 against multiple defendants. On September 28, 2011, after process to defendant Ellis was returned unserved, the court ordered plaintiff to provide additional information to serve Ellis. Plaintiff was directed to seek Ellis' address through discovery, the California Public Records Act, or other available means. (Dkt. No. 34.) A subsequent discovery order set the discovery deadline for February 3, 2012. (Dkt. No. 36.)

        On November 17, 2011, after plaintiff submitted copies of the amended complaint but failed to provide Ellis' address for service, the court ordered plaintiff to return a completed USM form for defendant Ellis. (Dkt. No. 41.)

        On March 16, 2012, after plaintiff again failed to provide an address for Ellis, the court sent plaintiff another blank USM form and directed him to submit a "properly completed"

1

form within thirty days in order to effect service on Ellis.  (Dkt. No. 60.)

On April 12, 2012, plaintiff filed a USM-285 form that did not include a new address for Ellis, but listed CSP-Sacramento as Ellis' address, as before.  (Dkt. No. 63.)  He also submitted a declaration stating that he has no known address for defendant Ellis and no way of locating Ellis.  The attached process receipt indicates that in August 2011, service documents were mailed to Ellis' last known address but were returned in September 2011 marked "Return to Sender," as there was "no such street."  Nor was Ellis listed in the CDC locator in September 2011.  (Dkt. No. 64.)

It does not appear that plaintiff attempted to obtain information about Ellis' whereabouts in discovery, and the undersigned, having given plaintiff multiple chances to supply Ellis' address, cannot effect service on this defendant or meaningfully intervene to locate him based on the information before it.  Accordingly, the court will recommend that this action be dismissed without prejudice as to defendant Ellis.

IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed as to defendant Ellis without prejudice.  See Fed. R. Civ. P. 41(b).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Any response to the objections shall be filed and served within

////

////

////

////

1 fourteen days after service of the objections.  Plaintiff is advised that failure to file objections
2 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
3 Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
clay2899.Fusm